UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) (Jointly Administered) |
| Debtors.[1] _____/ | |
| JOHN H. OWOC, | |
| Plaintiff, | |
| v. | |
| VITAL PHARMACEUTICALS, INC., *et al.*, | |
| Defendants. _____/ | Adv. Pro. No. 23-01246 (PDR) |

**OBJECTION OF THE LIQUIDATING TRUST TO JOHN H. OWOC'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

The Liquidating Trust[2] in the above-captioned chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>"), by and through its undersigned counsel, hereby submit this objection (the "<u>Objection</u>") to *John H. Owoc's Emergency Motion for Temporary Restraining Order and Incorporated Memorandum of Law* [Adv. Dkt.[3] 2] (the "<u>Motion</u>") filed by John H. Owoc ("<u>Mr. Owoc</u>") seeking

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan (defined herein).

[3] For an avoidance of doubt, reference to "Adv. Dkt." means the Adversary Proceeding (defined herein), Adv. Pro. No. 23-01246-(PDR).

a temporary restraining order (the "TRO") against the Liquidating Trustee to enjoin it from taking certain actions related to Mr. Owoc's Existing Equity Interests. In support of this Objection, the Liquidating Trust respectfully states as follows:

**PRELIMINARY STATEMENT[4]**

1. This Motion is yet another attempt by Mr. Owoc to seek relief that this Court already denied. It is not only procedurally deficient insofar as it a collateral attack on the now-final, unappealable confirmed Plan, but is also void of any required evidentiary or legal support for the relief requested.

2. First, the relief Owoc seeks, for the second time, is precluded by the Confirmation Order. The Court already overruled the Owoc Objection, which, like the Complaint filed contemporaneously with this Motion, focuses on the Liquidating Trustee's authority to cancel Existing Equity Interests. No appeal of or motion for stay in connection with the Confirmation Order was filed. As such, Mr. Owoc is now bound by the Confirmation Order, which is both final and non-appealable.

3. Even if this Court is inclined to determine the Motion on the merits, the Motion is devoid of **any** evidence in support of the relief requested therein and cannot satisfy the stringent requirements for obtaining a temporary restraining order under Federal Rule of Civil Procedure ("Rule") 65.[5] For example, Mr. Owoc incorrectly analyzes the likelihood of success of the Appeal on the merits, as opposed to the success of the allegations in the Complaint as required to obtain injunctive relief in the Adversary Proceeding. In addition, the Eleventh Circuit requires that a motion or suit for injunctive relief be based upon an actual cause of action, of which the Complaint

---

[4] Capitalized terms not defined in this Preliminary Statement have the meanings ascribed to them in this Objection.

[5] Federal Rule of Bankruptcy Procedure 7065 incorporates and makes Rule 65 applicable in adversary proceedings.

and Motion are entirely devoid.  Mr. Owoc also cannot demonstrate the requisite irreparable harm needed to obtain injunctive relief.  The only evidence in the record of harm to Mr. Owoc is the $3.4 million tax liability this Court found may be incurred by him as a result of the Sale closing and maintenance of VPX's S-Corp status.  [Dkt. 1951 at 26.]  However, a temporary restraining order is inappropriate where the alleged harm can be cured by monetary damages.

4.    Ultimately, the Motion is an end run around the confirmed Plan and the provisions contained therein.  Mr. Owoc made no showing that the TRO is warranted here and cannot be permitted to relitigate his objection to the Plan through the Complaint filed in this Adversary Proceeding.  Accordingly, the Motion should be denied.

## BACKGROUND

### I.    The Memorandum Opinion and Issues on Appeal.

5.    On July 11, 2023, the eve of the hearing on the sale for substantially all of the Debtors' assets, Mr. Owoc filed the motion [Dkt. 1627] (the "First S-Corp Motion"), which requested a determination of whether (i) Vital Pharmaceutical, Inc.'s ("VPX") tax status as a Subchapter S Corporation ("S-Corp") is property of the estate and (ii) the automatic stay bars revocation of VPX's S-Corp election under 26 U.S.C. § 1362(d)(1).[6]  The First S-Corp Motion sought an emergency hearing for the next day, asserting that "*closing of the Sale Transaction set for hearing on July 12, 2023, will have significant negative impact on John H. Owoc.*" [Dkt. 1627 at 1 (emphasis added).]  The urgency for the relief requested in the First S-Corp Motion was

---

[6]    Mr. Owoc's reply [Dkt. 1738] (the "Reply") also makes clear that "[a]t issue [in the First S-Corp Motion] is Mr. Owoc's right as the sole shareholder of VPX to *revoke* VPX's S-Corp status . . . ." [*Id.* ¶ 4 (emphasis added).] At the hearing on the First S-Corp Motion, Mr. Owoc reiterated that he solely sought to revoke—rather than terminate—the S-Corp election.  July 28, 2023 Hr'g Tr. at 114:23–115:3 ("We're not asking you to bless a termination. -- bless a termination, or to determine whether Mr. Owoc can or can't do something that might effectuate a termination, other than revocation?  That's correct, Judge.").  A true and correct copy of the referenced portion of the transcript is attached hereto as **Exhibit A**.

also emphasized by Mr. Owoc's expert, who opined that "if the sale closes in accordance with its terms while VPX is characterized as an S Corporation, all items of income and gain resulting from the sale would be taxed to Mr. Owoc which may result in a tremendous adverse economic consequence to him." [Dkt. 1722-5 ¶ 2(a).]

6.      The Court held a trial on July 28 and 29, 2023 in advance of the sale closing scheduled for July 31, 2023. At the hearing on July 29, 2023, the Court found that, regardless of whether VPX's S-Corp status is property of the estate, in order to permit Mr. Owoc's proposed revocation, the Court would be required to, and declined to, compel VPX to sign and file a statement of revocation and to file a "close the books" election. [*See Order Denying, in Part, John H. Owoc's Emergency Motion for Confirmation the Automatic Stay Does Not Apply to Revocation of Debtor's Subchapter S Corporate Status*, Dkt. 1746 (the "First S-Corp Order").] On July 30, 2023, the eve of the closing of the Sale Transaction, the Court entered the First S-Corp Order denying the motion to the extent it required the Court to compel VPX to file a statement of revocation and file the "close the books" election. [*See id.*]

7.      On October 6, 2023, the Court entered its *Memorandum Opinion and Order Denying John H. Owoc's Emergency Motion for Confirmation the Automatic Stay Does Not Apply to Revocation of Debtor's Subchapter S Corporate Status Or, Alternatively, for Stay Relief* [Dkt. 1951] (the "Memorandum Opinion"). As indicated in its title, the Memorandum Opinion addressed the specific relief requested by Mr. Owoc—revocation, as opposed to termination, which is provided for under 26 U.S.C. § 1362(d)(1).[7] Mr. Owoc appealed the Memorandum

---

[7]    *See In re Vital Pharm., et al.*, No. 22-17842-PDR, 2023 WL 6543190, at *1 (Bankr. S.D. Fla. Oct. 6, 2023). The Court also determined that, in addition to the procedural deficiency in requesting the injunctive relief, the "Court would certainly not order the officers and directors of Vital to breach their fiduciary duties by [forcing the company to revoke the S-Corp status]." *Id.* at *14.

Opinion [Dkt. 2055] (the "Appeal"), which is currently pending in the United States District Court for the Southern District of Florida (the "District Court") under Case No. 23-62016.

8. No motion seeking a stay pending appeal was filed in connection with the Appeal.

## II. Mr. Owoc was Denied Relief to Terminate VPX's S-Corp Status.

9. On October 16, 2023, Mr. Owoc filed a second motion [Dkt. 2016] (the "Second S-Corp Motion") seeking relief from the automatic stay to now terminate, as opposed to revoke, VPX's S-Corp status under 26 U.S.C. § 1362(d)(2). At the hearing held on October 31, 2023, the Court found that Mr. Owoc failed to establish any cause to lift the automatic stay.[8] The Court also noted at the hearing that it would not deny the Second S-Corp Motion based on its findings and legal conclusions in the Memorandum Opinion because the Memorandum Opinion *solely addressed* the proposed revocation of VPX's S-Corp status under section 1362(d)(1).[9] On November 13, 2023, the Court entered the *Order Denying John Owoc's Expedited Motion for Relief from the Automatic Stay* [Dkt. 2266] (the "Second S-Corp Order") that denied the Second S-Corp Motion.

## III. The Relief Sought in the Motion and Complaint Were Already Adjudicated by this Court and Overruled by the Confirmation Order.

10. On September 1, 2023, the Debtors filed the *Debtors' Joint Plan of Liquidation*, [Dkt. 1875], which was later amended on September 14, [Dkt. 1901], and September 15 [Dkt. 1905] (the "Plan"), respectively. Each iteration of the Plan contained the same treatment of Existing Equity Interests that provided, in relevant part, that "[t]he Liquidating Trustee shall determine, in the Liquidating Trustee's sole discretion, whether and when, to: (i) cancel and

---

[8] *See* Oct. 31, 2023 Hr'g Tr. at 30:2–10, 31:1–3, 36:19–21, 40:1–4. A true and correct copy of the referenced portions of the transcript is attached hereto as **Exhibit B**.

[9] *See id.* at 22:25–23:18, 23:24–24:19, 39:20–40:6.

extinguish the Existing Equity Interests; (ii) transfer Existing Equity Interests into the Liquidating Trust; or (iii) provide other treatment for the Existing Equity Interests consistent with the terms of this Plan and the Sale Order." [Dkt. 1905 § IV.F.2.]

11. On October 19, 2023, Mr. Owoc filed the limited objection [Dkt. 2059] (the "Owoc Objection") to confirmation of the Plan. The Owoc Objection asserted, among other things, that "Mr. Owoc also objects to the provisions under the Plan which assign the power to terminate equity interests to the Plan Trustee. Plan § IV.F.2. Such power is not delegable and/or assignable." [*Id.* at 17 n.11.] No legal support was provided by Mr. Owoc in support of this conclusory assertion.

12. Though present at the confirmation hearing held by this Court on October 31, 2023, Mr. Owoc chose not to prosecute his objection related to the Liquidating Trustee's ability to extinguish the Existing Equity Interests. He did, however, present argument to the Court on other issues raised in the Owoc Objection, to which he resolved with the inclusion of certain modifying and clarifying language contained in the Confirmation Order (defined below).

13. After considering the confirmation objections filed and those presented at the hearing, the Court entered the *Order (I) Approving on a Final Basis the Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Liquidation, and (II) Confirming the Debtors' Second Amended Joint Plan of Liquidation* [Dkt. 2258] (the "Confirmation Order") confirming the Plan. The Confirmation Order specifically states that "[t]he Owoc Objection and all other objections (informal or otherwise), responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein, are overruled for the reasons stated on the record, all of which are incorporated herein." [*Id.* ¶ 3.] Because Mr. Owoc failed to prosecute his objection to the Liquidating Trustee's authority to cancel

and/or extinguish the Existing Equity Interests, the Confirmation Order clearly overruled the objection and precludes him from now raising the identical arguments.

14. On November 21, 2023, the confirmed Plan went effective (the "Effective Date"). [Dkt. 2291.] Upon the occurrence of the Effective Date, the Liquidating Trustee was deemed appointed to serve as the trustee and administrator of the Liquidating Trust established pursuant to the Plan. [Dkt. 1905 § VI.H.]

**IV. The Complaint and Motion are Legally and Factually Unsupported.**

15. On November 20, 2023, Mr. Owoc filed the *Complaint for Declaratory Relief* [Adv. Dkt. 1] (the "Complaint") against the Debtors initiating Adversary Proceeding No. 23-01246-PDR (the "Adversary Proceeding"). The Complaint alleges one cause of action for declaratory judgment to enjoin the Liquidating Trustee from exercising its authority and discretion pursuant to the confirmed Plan to cancel Mr. Owoc's shares in VPX . [*Id.* ¶¶ 20–23.]

16. Mr. Owoc concomitantly filed the Motion seeking an emergency hearing on November 22, 2023[10] and a temporary restraining order prohibiting the Liquidating Trustee from exercising its Court-approved authority and discretion to cancel and/or extinguish the Existing Equity Interests. [Adv. Dkt. 2 at 1–2.] The Motion asserts that, if the Liquidating Trustee takes such action, then: (i) VPX will argue that the Appeal is now mooted; and (ii) mootness of the Appeal will cause substantial and irreparable harm to Mr. Owoc.[11] [Adv. Dkt. at 1.]

---

[10] The Motion improperly requested a hearing within two business days pursuant to Local Rule 9013-1(F), which addresses certain chapter 11 motions seeking interim and final relief that are typically filed immediately following the commencement of a chapter 11 case. *See* Local Rule 9013-1(F); *see also* Fed. R. Bankr. P. 6003.

[11] Though not addressed in the Motion, the proposed order requests waiver of the requirement for Mr. Owoc to post security if granted the TRO pursuant to Rule 65(c). [Adv. Dkt. 2-1 ¶ 3.] The Liquidating Trust opposes any waiver of the requirements under Rule 65(c) to post security. The proposed order also fails to comply with the requirements of Rule 65(d), which sets forth the content and scope of every temporary restraining order. *See* Fed. R. Civ. P. 65(d).

## ARGUMENT

### I. The Motion Should be Denied as it is Procedurally Deficient.

17. The Motion is replete with conclusory statements and speculation, yet lacks any affidavit, declaration, or certification to demonstrate, for example, what harm there is to Mr. Owoc if the TRO is not granted and how that purported harm would be irreparable.[12] The arguments of counsel are not a substitute for the record evidence needed to grant injunctive relief. *See, e.g.*, *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("[S]tatements and arguments of counsel are not evidence . . . .").

18. On this basis alone, the Court should deny the Motion.

### II. The Motion is a Collateral Attack on the Confirmation Order and Plan and Must be Denied.

19. While the Motion attempts to intertwine the issues of the Appeal with the TRO request, the Complaint asserts one cause of action based on the alleged controversy over whether the Liquidating Trustee has the authority and discretion to cancel the Existing Equity Interests—specifically Mr. Owoc's shares in VPX. Mr. Owoc is barred from questioning the authority granted to the Liquidating Trustee because such request is a collateral attack on the confirmed Plan and is explicitly precluded by the Confirmation Order and Plan.

20. The relief sought in the Motion (and the underlying Complaint) is barred by collateral estoppel. A confirmation order satisfies "the requirements of a judgment that can be given [preclusive] effect." *Finova Cap. Corp. v. Larson Pharmacy Inc. (In re Optical Techs.,*

---

[12] Likewise, there is no support for the exigent circumstances described in the Motion as any "exigency" is of Mr. Owoc's own creation: (1) the Liquidating Trustee's proposed authority under the Plan in connection with the Existing Equity Interests treatment provision was on this Court's docket as of September 1, over two months ago; (2) the Owoc Objection provided zero legal or factual support to challenge the proposed authority; (3) Mr. Owoc failed to prosecute his challenge/objection to the Plan provision; (4) the Confirmation Order overruled the Owoc Objection; (5) no appeal of the Confirmation Order was taken; and (6) no motion for stay pending appeal was filed in this Court or the District Court.

*Inc.)*, 425 F.3d 1294, 1300 (11th Cir. 2005) (quoting *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990)).  The Eleventh Circuit has explained the court "must establish whether any or all of those claims were actually made, *or could have been made*, in their objection to confirmation" in order to determine whether to preclude a plaintiff from litigating claims advanced in an adversary proceeding. *Justice Oaks II, Ltd.*, 898 F.2d at 1552 (citations omitted); *see also Optical Techs., Inc.*, 425 F.3d at 1301 ("[A]ppellants cannot raise objections to the actual terms of the [confirmed plan] or the confirmation order, as these were deemed waived when they failed to object to confirmation.").

21.     Collateral estoppel bars relitigation of issues previously dealt with in a proceeding if the party invoking the doctrine establishes that "(1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006) (citation omitted).

22.     The exact same issue that forms the basis for the Motion was already raised by Mr. Owoc in his objection to confirmation of the Plan, which he failed to prosecute and was subsequently overruled.  The Court necessarily decided that the confirmed Plan complied with sections 1129(a) and 1123(a) of the Bankruptcy Code, which, among other things, require a plan to designate classes of claims and interests and specify treatment of each impaired class. 11 U.S.C. § 1123(a)(1), (3); [*see* Dkt. 2258 ¶¶ P, R, 7–8, 15.]  Facts relating to these criteria are put at issue by the confirmation process. *See Kaiser Aerospace and Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1299 (11th Cir. 2001).  It is indisputable that Mr. Owoc

was a party in interest to Plan confirmation and actually litigated his objections through the Owoc Objection and oral argument at the confirmation hearing.

23. Accordingly, the Court's prior determination that the Liquidating Trustee has authority and discretion to cancel and/or extinguish Existing Equity Interests should be given preclusive effect. [*See* Dkt. 2258; Dkt. 1905 § IV.F.2.]

24. For the foregoing reasons, the Court should bar Mr. Owoc from collaterally attacking the Confirmation Order and confirmed Plan and deny the Motion.

**III. The Motion Fails to Meet the Stringent Standard for Injunctive Relief Under Rule 65 and Must Be Denied.**

25. Even if this Court is inclined to consider the actual merits of the Motion, the absence of evidence paired with the failure to meet the requirements to obtain injunctive relief under Rule 65 necessitate denial of the Motion.

26. "First, any motion or suit for either a preliminary injunction must be based upon a cause of action" and matters set forth in the complaint. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005). "There is no such thing as a suit for a traditional injunction in the abstract," and a plaintiff must articulate a basis for relief that would withstand the scrutiny under Rule 12(b)(6). *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). An injunction is a "remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." *Id*. at 1098.

27. The Motion fails as it is not based on any actual cause of action and seeks injunctive relief based on the Complaint's sole cause of action for declaratory judgment. [*See* Adv. Dkt. ¶¶ 20–23.] Mr. Owoc has also failed to demonstrate that he has a legal right that has been violated.

The Motion is devoid of any case law supporting why the relief requested therein is appropriate here and should be denied.

28. A preliminary injunction is an extraordinary and drastic remedy that is not warranted here. *See United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)) (stating the movant must clearly carry the burden of persuasion for each requirement for a preliminary injunction to be granted). Under Rule 65, the movant seeking an injunction must show that "(1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable harm if the court does not issue an injunction; (3) the irreparable harm outweighs whatever damages the injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest." *Vital Pharms., Inc. v. Owoc (In re Vital Pharms., Inc.)*, No. 23-1051-PDR, 2023 WL 3689540 at *4 (Bankr. S.D. Fla. May 26, 2023) (citing *Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health*, 50 F.4th 1126, 1134–35 (11th Cir. 2022)). The party seeking injunctive relief carries the burden of persuasion on all four factors. *Id.* (citing *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017)).

29. For the reasons set forth below, the Motion fails to satisfy any of the four required factors.

### A. Mr. Owoc's Likelihood of Success on the Merits of the Complaint is Nonexistent.

30. The Motion misapplies the "substantial likelihood of success on the merits" analysis and makes conclusory assertions regarding the merits of the Appeal, to which there is no binding authority from this jurisdiction.[13] Here, Mr. Owoc needs to demonstrate that he has a

---

[13] On a motion for stay pending appeal, which is not the relief Mr. Owoc is seeking here, the analogous necessary factor the movant must demonstrate is "that the movant is ***likely to prevail on the merits of its appeal***." *In re Sanders*, 544 B.R. 463, 467 (Bankr. S.D. Fla. 2016) (emphasis added) (citations omitted).

-11-

substantial likelihood of succeeding *on the cause of action in Complaint*—which he failed to do and cannot show based on the failure of the Complaint to assert an actual cause of action.[14]

31. "[A]n injunction is not a standalone cause of action; it is a remedy for which there must be an underlying cause of action entitling the plaintiff to such relief." *Lanzone ex. rel. One Way Roofing, LLC v. Boggs*, No. 18-80399-CIV-MIDDLEBROOKS, 2018 WL 11436537, at *2 (S.D. Fla. June 13, 2018) (citing *Alabama*, 424 F.3d at 1127); *Klay*, 376 F.3d at 1097 ("There is no such thing as a suit for a traditional injunction in the abstract."). Like an injunction, a TRO is a remedy potentially available only upon a "showing that some independent legal right is being infringed . . . ." *Klay*, 376 F.3d at 1098.

32. Injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) ("Controlling precedent is clear that injunctive relief may not be granted unless

---

[14] The Complaint is also barred by the doctrine of *res judicata*, which requires:

> [T]he prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process . . . the judgment must be final and on the merits . . . there must be identity of both parties or their privies . . . [and] the later proceeding must involve the same cause of action as involved in the earlier proceeding.

*Justice Oaks II, Ltd.*, 898 F.2d at 1550 (internal citations omitted). Here, all of the required factors are satisfied. First, the Confirmation Order is final and nonappealable and, as such, is *res judicata* to the parties and those in privity with them. *See Iberiabank v. Geisen (In re FFS Data, Inc.)*, 776 F.3d 1299, 1306 (11th Cir. 2015) ("A bankruptcy court's confirmation order that is final and no longer subject to appeal becomes 'res judicata to the parties and those in privity with them.'" (citations omitted)). Likewise, the Plan, which was incorporated into the Confirmation Order, has the same *res judicata* effect. [*See* Dkt. 2258 ¶ 2]; *FFS Data, Inc.*, 776 F.3d at 1306 ("A reorganization plan that is incorporated into a confirmation order has the same res judicata effect." (citing *Optical Techs., Inc.*, 425 F.3d at 1300)). Second, Mr. Owoc was a party in interest to Plan confirmation as he filed the Owoc Objection, which contested the proposed delegation of authority to the Liquidating Trustee to cancel and/or extinguish Existing Equity Interests. [*See* Dkt. 2059 at 17 n.11.] As of the Effective Date, the Liquidating Trust was deemed to be substituted as the party in lieu of the Debtors in all matters. [Dkt. 2115, Ex. A § 2.2.] Finally, the one cause of action asserted in the Complaint disputes the identical issue raised in the Owoc Objection. [*See* Adv. Dkt. 1 ¶ 21.]

the plaintiff establishes the substantial likelihood of success criterion.") (citations omitted); *see Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *see also Grupo Mexicano de Desarrollo v. All. Bond Fund, Inc.*, 527 U.S. 308, 340 (1999) (Ginsburg, J., dissenting) ("Plaintiffs with questionable claims would not meet the likelihood of success criterion.").

33. Here, the Complaint cannot survive a motion to dismiss because the sole claim improperly asserts a claim for declaratory judgment that the Liquidating Trustee cannot exercise the authority this Court granted it under the Plan and Confirmation Order. [*See* Adv. Dkt. 1 ¶¶ 20–23.] Irrespective of how it is styled, the Complaint's singular focus is on enjoining the Liquidating Trustee from cancelling Mr. Owoc's shares in VPX, which Mr. Owoc concedes the Liquidating Trustee is empowered to do under the now-final Confirmation Order.

34. Given that the Complaint and Motion fail to explain how Mr. Owoc is going to overcome the Confirmation Order—which he failed to appeal or seek a stay of—there is no chance, let alone a substantial likelihood, that the Complaint will succeed on the merits. It follows that the Motion should be denied on this factor alone as it is a requirement to obtain injunctive relief. *See Schiavo*, 403 F.3d at 1226.

> **B. The Motion Fails to Demonstrate Any Harm to Mr. Owoc, and to the Extent Money Damages are Tangentially Asserted, a TRO is Not Appropriate.**

35. The Motion fails to demonstrate any harm to Mr. Owoc, let alone an irreparable harm. An injunction is limited to prospective relief. *See Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965) ("[I]njunctive relief looks to the future."). Indeed, preventing irreparable harm in the future is "the *sine qua non* of injunctive relief." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)).

36. Here, Mr. Owoc improperly speculates that if the Liquidating Trustee cancels his shares, then VPX will contend that the Appeal is moot. This of course assumes that, regardless of what action the Liquidating Trustee does or does not take, the Appeal is not already moot, as the underlying relief sought by Mr. Owoc in connection with VPX's S-Corp status was, by Mr. Owoc's (who asserted that "closing of the Sale Transaction set for hearing on July 12, 2023, will have significant negative impact on John H. Owoc") and his expert's own admission (who opined that "if the sale closes in accordance with its terms while VPX is characterized as an S Corporation, all items of income and gain resulting from the sale would be taxed to Mr. Owoc which may result in a tremendous adverse economic consequence to him"), time-sensitive and needed to be adjudicated before the closing of the Sale on July 31, 2023. [*See* Dkt. 1627 at 1; Dkt. 1722-5 ¶ 2(a).]

37. Even if the Court examined the past harm to Mr. Owoc in connection with the Appeal, the Motion fails to demonstrate with any particularity what the resulting damage would be to Mr. Owoc. At its core, the Appeal relates to the $3.4 million tax liability that this Court previously determined was the harm to Mr. Owoc in connection with the relief sought in the First S-Corp Motion. *Vital Pharms., Inc.*, 2023 WL 6543190 at *11–*12. However, if the $3.4 million tax liability is the alleged harm, the Motion still fails because money damages are not enough to be considered irreparable. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974). Put differently, "an injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d at 1285; *see Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992).

38. Based upon the foregoing, Mr. Owoc cannot demonstrate the required irreparable harm, and therefore, a temporary restraining order is not appropriate.

### C. Any Threatened Injury Asserted in the Motion is Illusory and is Outweighed by the Harm of Restricting the Liquidating Trustee.

39. Because the Motion fails to show irreparable harm, it likewise cannot demonstrate that any purported harm outweighs the damages that a TRO restricting the Liquidating Trustee's authority would cause. Issuance of a TRO enjoining the Liquidating Trustee would only require further litigation by the Liquidating Trustee in connection with the Complaint and would frustrate the post-confirmation process. This can only serve to impair the Liquidating Trustee from carrying out its duties to administer the Liquidating Trust.

### D. The Requested Relief is Detrimental to the Public Interest.

40. The Motion provides neither facts nor legal authority demonstrating that the entry of the TRO will not disserve or be adverse to the public interest. In fact, the one case cited by Mr. Owoc supports denying injunctive relief. *See Kapila v. Clark (In re Trafford Distrib. Ctr., Inc.)*, 414 B.R. 849, 857 (Bankr. S.D. Fla. 2009). In *Trafford*, this Court granted the chapter 7 trustee's request for a permanent injunction after finding, among other things, the public interest would be benefitted by enjoining the defendants from collecting on assets of the estate. *Id*. at 856. Restricting the Liquidating Trustee's authority within the first week of its appointment will needlessly delay the distribution of funds to the hundreds of Debtors' creditors, who collectively are owed over one billion dollars. Any delay to the Liquidating Trustee's administration of the Liquidating Trust Assets will only serve to cause the Liquidating Trust to incur unnecessary costs, further limiting what is available to be distributed to creditors. The Motion requests relief that is undoubtedly adverse to the public interest, and as such, fails to satisfy this factor.

### **CONCLUSION**

41. The Motion is fatally flawed as it is (i) procedurally deficient, (ii) precluded by collateral estoppel, (iii) seeking relief that is improperly pled as a cause of action in the Complaint,

and (iv) requesting relief to which Mr. Owoc is not entitled to as a matter of law as he cannot meet the stringent standard for the TRO under Rule 65. For the reasons set forth above, the Motion should be denied.

**WHEREFORE**, the Liquidating Trust respectfully requests that the Court deny the Motion. The Liquidating Trust reserves its right to modify or supplement this Objection as necessary and appropriate.

Dated: November 27, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Michael A. Kaplan, Esq.
Lindsay H. Sklar, Esq.
Erica G. Mannix, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com
Email: lsklar@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By: */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Juan J. Mendoza
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Liquidating Trust*