UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors. | Case No. 22-17842-PDR<br>Chapter 11<br>(Jointly Administered) |
| JOHN H. OWOC,<br><br>    Plaintiff,<br>v.<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>    Defendants. | Adv. No. 23-01246-PDR |

**JOHN H. OWOC'S SUPPLEMENTAL BRIEF IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

1.     Pursuant to the Court's December 1, 2023, Order, (Adv. Dkt. 11), Mr. Owoc submits this supplemental brief in support of his *Emergency Motion for Temporary Restraining Order* enjoining the Liquidating Trustee from cancelling Mr. Owoc's equity interests in Debtor Vital Pharmaceuticals, Inc. pursuant to Article IV, Clause F(2) of the Second Amended Joint Plan of Liquidation. (Adv. Dkt. 2).

2.     In this supplemental brief, Mr. Owoc writes to clarify two issues. First, regarding likelihood of success on the merits, the adversary complaint states a cause of action under 11 U.S.C. § 105(a) and 28 U.S.C. § 2201, and this Court, as a court of equity, can and should enjoin the Liquidating Trustee from cancelling Mr. Owoc's equity interests in VPX. Second, although the harm Mr. Owoc will suffer if an injunction is not granted is not certain, Mr. Owoc satisfies the

irreparable harm standard given the Liquidating Trustee's power to act pursuant to the Plan and the likely consequences of such action. Mr. Owoc addresses each issue in turn below:

3.      ***First***, at the November 28, 2023, hearing there was disagreement over whether the likelihood of success on the merits factor applied to Mr. Owoc's the adversary complaint or on his S corporation appeal. Nov. 28, 2023, Hr'g Tr. at 78:7-14.[1] Regardless of which standard applies, Mr. Owoc can demonstrate likelihood of success on the merits.

4.      To enter a temporary restraining order or preliminary injunction, a Plaintiff must show a substantial likelihood of success on the merits. *Schiavo ex rel Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). This inquiry does not require that a court quantitatively determine the likelihood of success to a fixed value. Instead, "a sliding scale can be employed, balancing the hardships associated the issuance or denial of a[] injunction with the degree of likelihood of success on the merits." *Faculty Senate of Florida Intern. University v. Winn*, 477 F.Supp.2d 1198, 1201 (S.D. Fla. 2007).

5.      Looking to the adversary complaint, Mr. Owoc seeks a declaration that the Liquidating Trustee may not cancel his equity interest in VPX pursuant to 28 U.S.C. § 2201 and 11 U.S.C. § 105(a). 28 U.S.C. § 2201, the Declaratory Judgment Act, empowers this Court to "declare the rights and other legal relations of any interest party seeking such declaration." A complaint seeking a declaratory judgment states a claim for relief where the facts alleged, under all the circumstances, shows that there is a substantial controversy between parties with adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F. 3d 409, 414 (11th Cir. 1995); *Ryzhov v. Mayorkas, 634 F. Supp. 3d 1107*, 1110–11 (S.D. Fla. 2022).

---

[1] A true and correct copy of the referenced portion of the transcript is attached hereto as **Exhibit A**.

6. There is a controversy over whether it is necessary and appropriate for the administration of the Bankruptcy Code to determine that the Liquidating Trustee cannot cancel Mr. Owoc's equity interests during the pendency of his S corporation appeal. Mr. Owoc is substantially likely to succeed on the merits of that dispute. Section 105(a) of the Bankruptcy Code grants to bankruptcy court's broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This means that on a properly filed complaint for injunctive relief pursuant to § 105, the Court may enjoin a party who already obtained relief from proceeding any further. *See Matter of Terramar Min. Corp.*, 70 B.R. 875, 877 (Bankr. M.D. Fla. 1987).

7. Here, as articulated in Mr. Owoc's complaint, declaratory relief determining that the liquidating trustee cannot exercise his discretion to cancel Mr. Owoc's shares in VPX unless and until all courts, including appellate courts, have adjudicated the issues outlined in the S Corporation Order, (Bankr. Dkt. 1951), is appropriate under § 105(a) of the Code. Rather than simply transferring his shares of VPX to a non-eligible shareholder and unilaterally terminating VPX's S corporation status, in his original S corporation motion, (Bankr. Dkt. 1627), Mr. Owoc sought confirmation that VPX's S corporation status was not property of the estate from this Court. The benefit of that conservative approach accrued primarily to the debtors whose tax status remained the same throughout their sale negotiations, approval process, and plan confirmation.

8. Section 105(a) thus gives the Bankruptcy Court authority issue the declaration requested here because without that authority, parties like Mr. Owoc, who possess statutory rights over disputed property would be forced to consider exercising those rights and adjudicating whether the disputed property is "property of the estate" in a stay violation or clawback proceeding. Inciting this free for all would add uncertainty and cost to many bankruptcy cases and punish

parties like Mr. Owoc who seek to adjudicate their rights to property in a minimally disruptive manner.

9. In the event the Court looks to likelihood of success on the merits of his S corporation appeal, Mr. Owoc can demonstrate likelihood of success on the merits under that framework for the reasons articulated in his Motion for Temporary Restraining Order. (Adv. Dkt. 2).

10. **Second,** at the November 28, 2023, hearing on this matter, the Court expressed concerns that the harm Mr. Owoc would suffer if an injunction was not entered was too contingent and uncertain to constitute "irreparable harm" under the TRO factors. Nov. 28, 2023, Hr'g Tr. at 107:9-108:5. In particular, the Court was concerned that the purported harm to Mr. Owoc was contingent (1) on the liquidating trustee canceling Mr. Owoc's equity interests, (2) on the Liquidating Trustee arguing that this action rendered Mr. Owoc's appeal moot, and (3) on an appellate court agreeing with that argument and dismissing the appeal as moot. *Id.*

11. However, the irreparable harm analysis typically and necessarily depends upon speculation about the likelihood of future conduct by the defendant and the likely consequences of that conduct on third parties. For instance, this Court previously enjoined Mr. Owoc from posting any of his own content from certain "CEO Accounts" which were subsequently adjudicated to be estate property, and required him to turn over control of those accounts to the debtors. *In re Vital Pharmaceuticals, Inc.*, 2023 WL 3689540 (Bankr. S.D. Fla. May 26, 2023). The Court's irreparable harm analysis in that matter hinged first on the possibility that "Mr. Owoc is likely to post" content harmful to Vital on the accounts and second that Mr. Owoc's posts "will very likely alienate the CEO Accounts' followers, thereby destroying the CEO Accounts as a valuable marketing asset of Vital's products." *Id.* Put another way, the Court arguably speculated that Mr.

4

Owoc would likely take certain conduct and that that conduct would impact third parties in a way that would be harmful to the debtors.

12. The same analysis applies here in determining that Mr. Owoc will be irreparably harmed if the liquidating trustee is not enjoined from cancelling Mr. Owoc's equity interests under the plan. Just as Mr. Owoc had control over the CEO accounts prior to the court's injunction, absent an injunction, the Liquidating Trustee has control over whether to cancel Mr. Owoc's equity interests. Just as the Court inferred that Mr. Owoc would continue to post on the CEO accounts absent an injunction based on his prior conduct, *id.* at 6, the Court can infer here that the Liquidating Trustee will cancel the equity interests because Debtors expressly sought that authority under the plan and have not disavowed their intention to exercise that authority in this proceeding.

13. The next step in the irreparable harm analysis is necessarily more speculative. In the CEO accounts proceeding, the Court found that any post by Mr. Owoc "will very likely alienate the CEO Accounts' followers, thereby destroying the CEO Accounts as a valuable marketing asset of Vital's products." *Id.* at 6. This analysis required the Court to weigh the fact of Mr. Owoc's recent conduct against the fact that a large degree of the CEO account's value was directly attributable to Mr. Owoc's prior management of the account. Here, the Court must look to the "likely" impact of cancelling Mr. Owoc's equity on his S corporation appeal. Because it is likely that the Liquidating Trustee's action will moot Mr. Owoc's appeal, just as it was "likely" that Mr. Owoc's posts would alienate the CEO Accounts' followers, Mr. Owoc satisfies the irreparable harm factor.

14. For the foregoing reasons, and for the reasons articulated in his Motion for a Temporary Restraining Order, (Adv. Dkt. 2), and at the November 28, 2023, hearing, Mr. Owoc

respectfully requests that the Court enter an order enjoining the Liquidating Trustee from terminating Mr. Owoc's equity interests in VPX during the pendency of his S corporation appeal.

Dated: December 8, 2023

PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223

By: */s/ Jonathan S. Feldman*
    Jonathan S. Feldman (12682)
    feldman@katiephang.com
    service@katiephang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2023, a true and correct copy of the foregoing document was served based on the Court docket, by transmission of Notices of Electronic Filing ("**NEF**") generated by CM/ECF to those parties registered to receive NEF in this case and in accordance with Local Rules 2002-1(H) and 4001-1(A).

By: */s/ Jonathan S. Feldman*
    Jonathan S. Feldman (12682)